IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| WANDA SMITH, ) <br> f/k/a WANDA MELTON ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> GAULT FINANCIAL, LLC, ) <br> MICHAEL S. HARB, and ) <br> THOMPSON & BOOTH, P.C., ) <br> ) <br>     Defendants. ) <br> ) | Civil Action No. _____ <br><br><br> Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the Defendant is located here and does business here.

### PARTIES

4. Plaintiff Wanda Smith (hereinafter "Plaintiff") is a natural person who resides in Cumberland County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Gault Financial, LLC (hereinafter "Defendant Gault") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Tennessee, and may be served through its agent for service of process as follows: Steve Harb, 7307 Dunsford Ln., Knoxville, TN 37919.

6. Defendant Michael S. Harb (hereinafter "Defendant Harb") is a natural person who is a principal of Defendant Gault and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at his business address of 6914 Office Park Cr., Ste. 150, Knoxville, TN 37909, or his home address.

7. Defendant Thompson & Booth, P.C. (hereinafter "Defendant Thompson") is a law firm that consists of attorneys licensed to practice law in Tennessee, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit professional corporation organized in Tennessee, and may be served through its agent for service of process as follows: Joshua M. Booth, 6914 Office Park Circle, Suite 125, Knoxville, TN 37909.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by Chase Bank USA, N.A. (hereinafter "Chase").

9. Sometime prior to April 16, 2010, the debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff, after which Plaintiff was subjected to numerous communications and collection actions by Defendants, all in an attempt to collect the debt.

10. Defendant Gault is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. When purchasing these charged-off consumer debts, Defendant Gault makes a business decision not to obtain copies of the written contracts signed by consumers or documentation showing when or how the debt was incurred, or anything beyond very rudimentary information (i.e., the consumer's name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt).

12. On information and belief, Defendant Gault pays less than five cents on the dollar for the debts it purchases.

13. When Defendant Gault allegedly bought the debt they allege is owed to them by Plaintiff, it did not receive any of the basic documents or evidence needed to demonstrate that the amount they claimed that was due from Plaintiff, as either principal, interest, or attorney's fees, was actually owed by her, and it did not possess any such documents as of the date it filed the state court collection lawsuit.

14. Specifically, at the time Defendant Gault purchased Plaintiff's alleged account, it did not receive any documents which (a) could be used as evidence to show that Plaintiff had entered into a contract with any entity creating the debt or opening an account, (b) show how the principal amounts claimed as due were calculated or what Plaintiff received in return for incurring the debt, (c) show how interest on the debt was to be calculated, and (d) show when the debt went into default and what acts by Plaintiff caused the alleged default, and it did not possess any such documents as of the date it filed the state court collection lawsuit.

15. Instead, when Defendant Gault purchased this account, all it received was the afore-mentioned limited information about Plaintiff and the debt transmitted electronically as part of a spreadsheet.

16. In addition, on information and belief, Defendant Gault does not have evidence showing that it is actually the owner of the debt, such as documents showing a chain of title from the original creditor to Defendant Gault.

17. Despite the fact that it had no evidence showing that Plaintiff owed the debt, and prior to making a reasonable investigation as to whether or not Plaintiff actually owed the debt, Defendants filed suit against Plaintiff in the General Sessions Court of Cumberland County, Tennessee seeking to collect approximately $3,600.00 in principal, interest, and attorney's fees.

18. Defendants allege in their state court collection lawsuit that Defendant Gault is the assignee of Chase, but provided no documentation evidencing that this allegation is true.

19. Defendants have a "pattern and practice" of filing collection lawsuits against consumers in Tennessee on debts (a) after making a business decision not to obtain the documentation necessary to prove that the consumers actually owe the debts, (b) prior to making a reasonable investigation as to whether the debts are actually owed by the consumers they are suing, and (c) by attaching affidavits from individuals whose knowledge of the specifics of the original debt is limited or non-existent, intending to either obtain a default judgment or coerce the consumer into a settlement.

### *Use of False, Deceptive, and Misleading Warrant to Collect Debt*

20. Within one year prior to the filing of this Complaint, on or about April 16, 2010, a Civil Warrant filed in the General Sessions Court of Cumberland County, Tennessee was caused to be served on the Plaintiff by Defendants.

21. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

22. The Civil Warrant was prepared, filed and caused to be served on Plaintiff by Defendant Thompson on behalf of Defendant Gault.

23. On information and belief, Defendants relied on Chase or an assignee of Chase as to whether Plaintiff owed the debt.

24. Defendants' reliance on Chase or an assignee of Chase as to whether Plaintiff owed the debt without obtaining and reviewing copies of any documentation, including a written contract signed by Plaintiff was unreasonable.

25. On information and belief, Defendants failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

26. On information and belief, Defendants did not maintain procedures reasonably adapted to avoid the use of false, deceptive, and misleading representations or means in connection with collection of the debt when it filed the Civil Warrant without a copy of a written contract signed by Plaintiff or other documentation which could prove she owed the debt.

27. On information and belief, Defendants did not maintain procedures reasonably adapted to avoid falsely representing the character, amount, and legal status of the debt in the Civil Warrant when it filed the Civil Warrant without a copy of a written contract signed by Plaintiff or other documentation which could prove she owed the debt.

28. On information and belief, Defendants did not maintain procedures reasonably adapted to avoid threatening to take any action that cannot be legally taken or that is not intended to be taken when it filed the Civil Warrant without a copy of a written contract signed by Plaintiff or other documentation which could prove she owed the debt.

29. By stating in the Civil Warrant that Plaintiff owed the debt and the amount which Plaintiff owed when Defendants knew when they filed the suit not only that they lacked knowledge of the validity of the underlying debt, but also that they never intended to investigate whether Plaintiff owed the debt, while unreasonably relying on Chase or an assignee of Chase as to the amount of debt allegedly owed by Plaintiff, and after making a business decision not to obtain or review a copy of the written contract signed by Plaintiff or other documentation that would show whether or not Plaintiff owed the debt and which would allow them to calculate the amount of debt Plaintiff owed, if any, Defendants used false, deceptive, and misleading representations and means in connection with collection of the debt, in violation of 15 U.S.C. § 1692e, including, but not limited to, falsely representing the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5), communicated credit information to the General Sessions Court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), used false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10), used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, and attempted to collect amounts

(principal, interest, and attorney's fees) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

30. The statement in the Civil Warrant that Plaintiff owed Defendant Gault the amount of $3,655.12 was a misrepresentation in connection with collection of the debt that would confuse the least sophisticated consumer as to (a) whether Defendants had make a reasonable investigation into whether or not Plaintiff actually owed the debt, and (b) whether Defendants actually had the documentation necessary to prove that Plaintiff actually owed the debt for which she was being sued and for the amount Defendants said she owed, before the filing of the state court collection lawsuit, and was the use of false, deceptive, and misleading representations and means in connection with collection of the debt, in violation of 15 U.S.C. § 1692e, and the use of false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

*Use of False, Deceptive, and Misleading Affidavit to Collect Debt*

31. Within one year prior to the filing of this Complaint, an Affidavit filed in the General Sessions Court of Cumberland County, Tennessee was caused to be served on the Plaintiff.

32. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt.

33. An affidavit filed in support of a civil warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. Tenn. Code Ann. § 24-5-107(a).

34. Defendant Harb, who authored the Affidavit on July 14, 2010, swore under penalty of perjury that "he . . . is the AUTHORIZED REPRESENTATIVE of GAULT FINANCIAL, LLC" (all capital letters in original) and further made oath that:

(a) He is "familiar with the records owned, maintained, or in the possession of Gault Financial, LLC. Further, Gault Financial, LLC is the assignee of: Chase and/or any other assignee that may have or have had an interest in the account of WANDA MELTON (all capital letters in original) or any interest in any obligation relating to the account; and

(b) "[B]ased on the records maintained and in the possession of Gault Financial, LLC, having been obtained in good faith, said account is justly owing, due and unpaid in the amount of $3,655.12, over and above all set-offs and counterclaims and includes interest and attorney's fees, where applicable."

35. On information and belief, Defendant Harb did not review any records of the originator of the debt to be able to determine if Plaintiff owed the debt and the correct amount of the debt, prior to signing the Affidavit.

36. On information and belief, Defendant Harb did not have access to any of the records of the originator of the debt to be able to determine if Plaintiff owed the debt and the correct amount of the debt, prior to signing the Affidavit.

37. On information and belief, the only records held by Defendant Gault at the time Defendant Harb signed the Affidavit were computer records which contained very limited information about Plaintiff and the debt.

38. On information and belief, the only records that Defendant Harb reviewed prior to signing the Affidavit were the computer records of Defendant Gault.

39. On information and belief, Defendant Harb's sworn statements in the Affidavit were made without any personal knowledge of any of the facts asserted as to the amount owed.

40. On information and belief, form affidavits, such as the one filed in the state court lawsuit, are generated automatically by a computer owned by Defendant Gault or an agent of Gault upon request and are routinely provided to Defendant Harb who signs numerous affidavits each day with no personal knowledge of any of the facts asserted in them.

41. On information and belief, after Defendant Harb places his signature on the affidavits, they are given to another agent of Defendant Gault to notarize.

42. On information and belief, Defendant Harb does not personally appear before the notary and his signatures on the affidavits are not witnessed by the notary.

43. On information and belief, Defendant Gault filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

44. On information and belief, Defendant Gault did not maintain procedures reasonably adapted to avoid misrepresenting that Plaintiff owed the debt and the amount of debt allegedly owed by her in the Affidavit.

45. On information and belief, the attestations made by Defendant Harb in the Affidavit regarding the debt, including, but not limited to the fact that Plaintiff owed the debt and the balance of the debt owed by Plaintiff, were misrepresentations made without any personal knowledge as to the truth of the statements.

46. Defendant Gault engages in this "pattern and practice" of filing lawsuits knowingly using false, deceptive, and misleading affidavits signed by persons who lack personal knowledge of the truthfulness of the matters attested to.

47. Defendant Gault uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant Gault and to which its officers, employees and/or agents have no personal knowledge.

48. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant Harb whom they knew lacked personal knowledge of the matters asserted to and which alleged facts not in Harb's possession, Defendants used false, deceptive, and misleading representations and means in connection with collection of the debt, in violation of 15 U.S.C. § 1692e, including, but not limited to, falsely representing the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), threatened to take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. §§ 1692e(5), communicated credit information to the General Sessions Court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8),and used false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

49. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant Harb whom they knew lacked personal knowledge of the matters asserted to and which alleged facts not in Harb's possession, Defendants used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, and attempted to collect amounts (principal, interest, and attorney's fees) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

50. The sworn and notarized Affidavit signed by Defendant Harb and filed in the state court collection lawsuit implied that he had personal knowledge that Plaintiff owed Defendant Gault the amount of $3,655.12 and was a misrepresentation in connection with collection of the debt that would confuse the least sophisticated consumer as to (a) whether Defendant Harb had make a reasonable investigation into whether or not Plaintiff actually owed the debt, and (b) whether Defendant Harb had actually had the documentation necessary to prove that Plaintiff actually owed the debt for which she was being sued and for the amount the Defendants said she owed, before signing the sworn affidavit, and was the use of false, deceptive, and misleading representations and means in connection with collection of the debt, in violation of 15 U.S.C. § 1692e, and the use of false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).

### *Summary*

51. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

52. The acts and omissions of Defendant Harb as an agent for Defendant Gault and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Gault.

53. The acts and omissions by Defendant Harb were incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Defendant Gault in collecting consumer debts.

54. By committing these acts and omissions against Plaintiff, Defendant Harb was motivated to benefit his principal, Defendant Gault.

55. In addition to Defendant Harb's individual liability under the FDCPA, Defendant Gault is also liable to Plaintiff for his acts and omissions through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Gault including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

59. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

04/14/11                     Respectfully submitted,

                             WANDA SMITH

                             _____
                             Alan C. Lee, Esq., BPR # 012700
                             Attorney for Plaintiff
                             P. O. Box 1357
                             Talbott, TN 37877-1357
                             (423) 736-0201
                             info@alanlee.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF KNOX )

      Plaintiff Wanda Smith, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 3/30/11      By: _Wanda Smith_
                                           Wanda Smith

Subscribed and sworn to before me this 30 day of March 2011.

_____
Notary Public

My Commission expires
Nov. 5, 2014

[Notary Seal: ROBIN L. GRIFFIN, STATE OF TENNESSEE NOTARY PUBLIC, CUMBERLAND COUNTY]